United States District Court
District of Massachusetts

| | | |
|---|---|---|
| ABM Industry Groups, LLC<br><br>Plaintiff,<br><br>v.<br><br>Done Right Building Services Inc.,<br><br>Defendant. | ) | Civil Action No.<br>24-10503-NMG |

**MEMORANDUM & ORDER**

GORTON, J.

Pending before the Court are supplemental memoranda submitted by plaintiff ABM Industry Groups, LLC ("plaintiff" or "ABM") and defendant Done Right Building Services Inc. ("defendant" or "Done Right") in response to the Order of the Court ("Order"). In that Order, the Court directed the parties to address the following questions:

1) whether, in light of plaintiff's contention that the Agreement has not been terminated, a development fee pursuant to §25 is payable under any circumstances;

2) whether the expiration of ABM's MCCA contract on December 31, 2023 constitutes a termination of the Agreement under §3 or otherwise;

3) if the development fee is payable, whether it constitutes liquidated damages or an alternative performance obligation and, if the former, whether it is an unenforceable penalty; and

4) how to determine the "monthly amount agreed to be paid by the Customer" under §25, including whether revenue billed

to third parties for exposition events is included and the source of the $8,574,625 figure on which ABM relies.

For the following reasons, the Court concludes that the condition on which the development fee depends, i.e., termination of the "Janitorial Services Subcontract Agreement" ("the Agreement"), has not occurred. ABM is therefore not entitled to recover the fee for the services Done Right has performed for the Massachusetts Convention Center Authority ("MCCA").

## I. Discussion

### A. Termination of the Agreement

ABM concedes that the Agreement has not terminated in its entirety. That concession is consistent with its position throughout this litigation that the Agreement remains in effect and that neither party has given notice of termination under §14 or §15. A party's assertion of fact in a pleading is a judicial admission by which it is ordinarily bound. Schott Motorcycle Supply, Inc. v. Am. Honda Motor Co., 976 F.2d 58, 61 (1st Cir. 1992).

ABM instead contends that the Agreement was terminated with respect to the MCCA alone when its contract with the MCCA expired on December 31, 2023. Acknowledging that the MCCA did not give notice as is required by §3, ABM asserts that the termination occurred "otherwise" because the Agreement is

divisible and may terminate as to one customer while remaining in force as to others, citing Carrig v. Gilbert-Varker Corp., 314 Mass. 351, 357-58 (1943) and Flannery v. Flannery, 429 Mass. 55, 59-60 (1999). Those contentions are, however, unavailing.

First, the Agreement does not provide that the expiration of a contract with a customer terminates the Agreement, in whole or in part. The Agreement contemplates termination only through an affirmative act. Section 3 requires notice from the customer to ABM and then from ABM to Done Right. Section 14 requires written notice by the terminating party. Section 15 requires "actual notice" by ABM and §17 permits termination as to a location affected by force majeure. Finally, §35 prescribes how any such notice is to be delivered. The fact that there are several provisions that contemplate termination as to particular customer locations does not alter the requirements for accomplishing a termination.

Furthermore, the Court has already determined that the expiration of the original MCCA contract with ABM in 2017 did not constitute a termination of the Agreement. ABM distinguishes that event by noting that it retained the MCCA as a customer in 2017 but did not retain it in 2023. The Agreement, however, draws no such distinction. Whether an expiring customer contract is succeeded by another contract with ABM bears upon Done Right's obligation to continue to perform

under the Agreement but not upon whether the Agreement is terminated.

Finally, whether a contract is divisible depends on the intent of the parties, as expressed in the Agreement and in its performance. See Carrig, 314 Mass. at 357-58. The authorities on which ABM relies, i.e., id. and Flannery, relate to performance, payment or limitations but not to the termination of contracts under situations analogous to the case at bar. Nothing in the Agreement suggests that the parties intended the expiration of a customer contract, rather than an affirmative termination, would be dispositive.

Accordingly, the Court concludes the Agreement was not terminated with respect to the MCCA on December 31, 2023, and thus, the prerequisite for the development fee had not occurred when Done Right began performing for the MCCA on January 1, 2024.

**B. The 2026 Notice of Termination**

ABM contends, in the alternative, that the development fee will accrue nevertheless based upon Done Right's performance for the MCCA after the termination noticed on November 3, 2026. Because that contention depends upon events that occurred after the filing of the Complaint and that have not yet occurred, that issue is not now before the Court. See Fed.R.Civ.P. 15(d).

**C. Remaining Questions**

Because the development fee is not payable on this record, the Court need not decide whether it constitutes liquidated damages or an alternative performance obligation, whether it is an unenforceable penalty or how the "monthly amount agreed to be paid by the Customer" should be determined. Done Right's contention that the fee is a penalty is therefore moot.

**D. Further Proceedings**

As set forth in the Court's previous Memorandum and Order (Docket No. 72), ABM may pursue at trial its actual damages for the bid-related breach, subject to Done Right's waiver defense, as well as damages for the hiring-related breach and its claim under Count IV. A jury trial will proceed as scheduled on Monday, December 14, 2026, at 9:00 A.M.

**ORDER**

For the foregoing reasons,

A. Defendant's motion for summary judgment (Docket No. 55) is, with respect to Plaintiff's claim for a development fee under §25 of the "Janitorial Services Subcontract Agreement" ("the Agreement") to the extent that such claim is premised upon services performed by Done Right before termination of the Agreement, **ALLOWED**;

B. Defendant's motion for summary judgment that the development fee is an unenforceable penalty, upon which the

Court previously reserved its ruling, is **DENIED** as moot; and

C. the final pretrial conference on Thursday, December 10, 2026, at 3:00 P.M. and the jury trial on Monday, December 14, 2026, will proceed as scheduled.

Nathaniel M. Gorton
Nathaniel M. Gorton
Senior United States District Judge

Dated: November 25, 2026